# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| GENE ALLEN CLAUSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09-CV-815 CAS |
| | ) | |
| PATRICIA A. HAGEMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Gene Allen Clauson (registration no. 107443), an inmate at St. Louis City Justice Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $9.90. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the

Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $49.50, and an average monthly balance of $14.53. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $9.90, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for

the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 1951-52.

## The Complaint

Plaintiff, a pretrial detainee at the St. Louis City Justice Center ("SLCJC"), seeks monetary and injunctive relief in this action brought pursuant to 42 U.S.C. § 1983. Named as defendants are Patricia A. Hageman (City Counselor), Charles Bryson (Director, Public Safety), Gene Stubblefield (Commissioner of Corrections), Almeda Ball-Tyler (Unit Manager), Irene Mitchell (Chief of Custody), Steve Brock (Supervisor), Jerry Stewart (Supervisor), and "Other Unknown City/Correctional Employees."

Plaintiff alleges that he advised defendant Ball-Tyler, both in writing and in person, that he wanted to vote in the 2008 presidential election. Plaintiff claims that he needed defendant's assistance in obtaining an absentee ballot from the Election Board, but she laughed and responded, "You must be stupid." Plaintiff claims that he was unable to vote. Plaintiff alleges that he again tried to vote in "the mayor's race." He wrote defendants Stubblefield and Ball-Tyler to request help in obtaining an absentee ballot, but he never received a written reply. He later saw Ball-Tyler and advised her that he wanted to vote, and she responded, "I don't have time for your bullshit [and] if you bother me again about this I will have you moved someplace you can't." Again, plaintiff was unable to vote.

Plaintiff alleges that he has gone for up to twenty-three days without receiving a clean uniform, and he has waited as long as four weeks to get clean bed linens. As a result he has a severe rash, for which he is taking an oral antibiotic; however, because his medication is not timely administered, the rash persists. He generally alleges that defendants Ball-Tyler, Mitchell and

Stubblefield "have all been told" about this problem. Plaintiff claims that defendants Brock and Stewart have threatened him with loss of recreation if he "did not 'shut up' about it." In addition, plaintiff alleges that he has written to defendants Hageman and Bryson, but they refused to acknowledge his letters.

Plaintiff alleges that he is being forced to eat from contaminated food trays that are often washed without sanitizers. He states that he has become sick from eating on these trays and that defendants Stubblefield, Ball-Tyler and Mitchell have been made aware the problems. Plaintiff also alleges that "medical staff are always running out of medication or deliver medication at a different time every day," and that several nurses are working on suspended licenses. He believes these conditions are due to overcrowding at the jail.

Plaintiff alleges that he has had "his visitors turned away, [and] visiting times put in the system wrong so they were denied when they tried to visit, or not put in at all." He also claims that he has lost money while using the inmate telephones, and that his family has lost money "when they took collect calls and were cut off." Plaintiff believes that inmate trust fund money has been misappropriated.

Plaintiff alleges that another inmate committed suicide in March 2009, and prior to that time plaintiff had tried to inform defendants that the inmate was contemplating suicide, but no one was willing to listen.

Finally, plaintiff alleges that he saw defendant Brock destroy a grievance.

**Discussion**

**A.  Voting Claims**

Plaintiff's claims relative to not being able to vote because of defendant Ball-Tyler's refusal to help him obtain absentee ballots survive frivolity review and will not be dismissed at this time.

Plaintiff's claim that he wrote defendant Stubblefield to request help in obtaining an absentee ballot will be dismissed as legally frivolous.  See Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff);  Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits); Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983); Rivera v. Goord, 119 F.Supp.2d 327, 344 (S.D.N.Y. 2000) (allegations that inmate wrote to prison officials and was ignored insufficient to hold those officials liable under § 1983); Woods v. Goord, 1998 WL 740782, at *6 (S.D.N.Y. Oct. 23, 1998) (receiving letters or complaints does not render prison officials personally liable under § 1983); Watson v. McGinnis, 964 F. Supp. 127, 130 (S.D.N.Y. 1997) (allegations that an official ignored a prisoner's letter are insufficient to establish liability).

**B.  Clean Uniform and Bed Linens Claims**

Plaintiff's allegations relative to not receiving a clean uniform and bed linens will also be dismissed as legally frivolous.  The mere fact that defendants Ball-Tyler, Mitchell and Stubblefield allegedly were "aware of this problem" and that defendants Hageman and Bryson refused to acknowledge plaintiff's letters concerning this complaint does not rise to the level of a constitutional

violation.  Id.; see also Seltzer-Bey v. Delo, 66 F.3d 961, 963-64 (8th Cir. 1995) (for conditions of confinement to violate Eighth Amendment, inmate must show alleged deprivations denied him minimal civilized measure of life's necessities and defendants were deliberately indifferent to excessive risk to his health or safety).  Moreover, plaintiff's claim that defendants Brock and Stewart threatened him with a loss of recreation fails to state a claim under § 1983.  See Martin, 780 F.2d at 1338-39 (verbal threats and name calling usually are not actionable under § 1983).

### C.  Contaminated Food Trays and Medical Care Claims

Plaintiff's claims relative to the unsanitary food trays, shortage of medication and unlicensed nurses are not directed against any of the named defendants and will be dismissed as legally frivolous. See Martin, 780 F.2d at 1338.  Plaintiff's allegation that Stubblefield, Ball-Tyler and Mitchell were aware of the problem with the food trays does not rise to the level of a constitutional violation.  See Boyd, 47 F.3d at 968; Keeper, 130 F.3d at 1314; Rivera, 119 F.Supp.2d at 344; Woods, 1998 WL 740782, at *6.

### D.  Misappropriation of Funds and Telephone Claims

Defendants' alleged failure to appropriate canteen funds according to Missouri state law does not rise to the level of a § 1983 claim.  See Williams v. Hopkins, 130 F.3d 333, 337 (8th Cir. 1997) (alleged violation of state law does not by itself state claim redressable by § 1983 action).  Moreover, plaintiff does not allege that he has a constitutionally-protected liberty or property interest in how the State of Missouri appropriates money earned from inmate canteen purchases.

To the extent that plaintiff is attempting to assert a due process claim based on the loss of property, the allegations fail to state a § 1983 claim and are legally frivolous.  Cf. Holloway v. Pigman, 884 F.2d 365, 267-68 (8th Cir. 1989) (inmates' challenge to manner in which inmate welfare

fund was used failed to state a claim as a matter of law). Moreover, although the due process clause may be implicated when a prisoner suffers a loss of property, if the taking of property by prison officials is intentional and the state provides an adequate postdeprivation remedy, there is no violation of due process. Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986). Plaintiff does not allege that he lacks an adequate postdeprivation remedy. Finally, no due process claim exists if the loss of plaintiff's property was the result of negligence. See Daniels v. Williams, 474 U.S. 327, 328 (1986); accord Davidson v. Cannon, 474 U.S. 344, 347 (1986); Morton v. Becker, 793 F.2d 185, 188 n.3 (8th Cir. 1986) (Fourteenth Amendment due process clause is not implicated by state official's negligent act causing unintended loss of or injury to life, liberty, or property).

### E. Visitation Claim

"[F]reedom of association is among the rights least compatible with incarceration" and as a result "[s]ome curtailment of that freedom must be expected in the prison context." Overton v. Bazzetta, 539 U.S. 126, 131 (2003). In his complaint, plaintiff fails to allege specific facts indicating that the denial of and/or interference with his visitation with others involved an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Moreover, plaintiff's visitation claim is not directed against any of the named defendants. For these reasons, plaintiff has failed to state a claim for the unconstitutional denial of visitation, and this claim shall be dismissed as legally frivolous.

### F. Suicide Claim

Plaintiff lacks standing to assert any claims on behalf of the inmate who committed suicide in March 2009.

### G. Overcrowding Claim

Although a pro se complaint is to be liberally construed, the complaint must contain a short and plain summary of facts sufficient to give fair notice of the claim asserted. <u>Means v. Wilson</u>, 522 F.2d 833, 840 (8th Cir. 1975). Legal conclusions are not entitled to the assumption of truth. <u>Ashcroft v. Iqbal</u>, 129 S. Ct. at 1949. Plaintiff summarily alleges that there is overcrowding at the SLCJC. He has failed to set forth any facts which, if proved, would suggest an entitlement to relief. As such, plaintiff has failed to state a claim for unconstitutional crowding and this claim will be dismissed as legally frivolous.

### H. Grievance Claim

Plaintiff's claim that defendant Brock destroyed a grievance does not rise to the level of a constitutional violation and fails to state a claim or cause of action under § 1983. <u>See</u> <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir. 1993) (prison officials' failure to process grievances, without more, is not actionable under § 1983; grievance procedure is procedural right only and does not confer substantive right on inmate).

### I. Claims against "Other Unknown City/Correctional Employees"

In general, fictitious parties may not be named as defendants in a civil action. <u>Phelps v. United States</u>, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes allegations sufficiently specific to permit the identity of the party to be ascertained after reasonable discovery. <u>Munz v. Parr</u>, 758 F.2d 1254, 1257 (8th Cir. 1985). In the case at hand, the complaint does not contain specific allegations that would permit the identity of "Other Unknown City/Correctional Employees" to be ascertained after reasonable discovery. These particular "John Doe" defendants are both unidentified and indeterminate in

number. This is not permissible. See Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible). As such, the complaint is legally frivolous as to defendants "Other Unknown City/Correctional Employees."

### J. Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel. The appointment of counsel for an indigent pro se plaintiff lies within the discretion of the Court, as there is no constitutional or statutory right to appointed counsel in civil cases. Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006) (citation omitted); see 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.")

Once the plaintiff alleges a prima facie claim, the Court must determine the plaintiff's need for counsel to litigate his claim effectively. In re Lane, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (8th Cir. 1995), abrogated on other grounds, Doe v. Cassel, 403 F.3d 986, 989 (8th Cir. 2005). (citations omitted). This determination involves the consideration of several relevant criteria which include "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." Phillips, 437 F.3d at 794 (citing Edgington, 52 F.3d at 780).

In some instances, a court may deny a motion for appointment of counsel without prejudice because it believes the record is insufficient to determine, one way or the other, whether it would be appropriate to appoint counsel when the above factors are considered. See id. For example, discovery may not have begun or may have just begun at the time of the request for appointment of

counsel, so there is no conflicting testimony. There may be no indication in the record that the plaintiff is unable to investigate or present his case where he correctly identifies the applicable legal standard governing his claims or, for example, successfully amends his complaint to include essential information. Finally, the Court may consider whether the plaintiff's claims involve information that is readily available to him.

The Court finds that appointment of counsel is not mandated at this time. The action has just completed initial review and the remaining defendant has not been served with process yet. The record does not support the need for appointment of counsel as there is no indication of conflicting testimony, factual complexity, or that plaintiff is unable to investigate or present his case. Plaintiff has filed articulate and easily understood pleadings which indicate that he is capable of clear expression and appropriate organization of content, and the Court concludes it would not be aided at this time by the appointment of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $9.90 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, as to plaintiff's claims against Almeda Ball-Tyler relative to the exercise of his voting rights by absentee ballot, the Clerk shall issue process or cause process

to be issued on the complaint. All other claims against this defendant are legally frivolous and shall be dismissed, without prejudice.

**IT IS FURTHER ORDERED** that, as to defendants Patricia Hageman, Charles Bryson, Gene Stubblefield, Irene Mitchell, Steve Brock, Jerry Stewart and "Other Unknown City/Correctional Employees," the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** without prejudice. [Doc. 4]

An Order of Partial Dismissal as to Claims and Parties will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this _24th_ day of September, 2009.